Cushing, C. J.,
stated that a number of questions had been raised at the bar ; but the principal one, which required a decision, was this: Whether a credit, after action brought to recover it, was an attachable interest, within the provincial law of 2 Geo. 2, c. 3.
It is objected, on the authority of Babington vs. Babington, Cro. Eliz. 157, and Humphrey vs. Barns, Ibid. 691, that this credit, pendente lite, could not be attached; and also that a judgment having changed its nature into a debt, it could not now be held, even if it *426 were rightfully attached at first. After suit brought by these authorities, the debt is quasi in custodia legis, and cannot be arrested by this trustee process.
Another question is raised, whether the payment on the execution issued under the trustee process is not a satisfaction of the original execution, and has thus relieved the land from the levy. In support of the affirmative are cited 2 Vent. 327, Cro. Jac. 424, and Cro. Eliz. 734.
But the Court are of opinion that, while the original judgment, execution, and levy, are in full force, and apparently regular, no remedy can be given the tenant on this verdict. A matter of record cannot be set aside in a side-way by matter in pais. Unumquodque dissohitur eo ligamine quo ligatum est.
However, as the attachment of this credit must have been known to the present demandant and his partner, and as it has been, in fact, applied to the payment of their debt, there seems to be great hardship in this case on the part of Harraden. The Court will therefore suspend judgment, in order that he may apply for an audita querela, to seek a remedy from an execution, which it appears irregularly issued.
Note. — The action was continued for about two years, and then the demandant became nonsuit.