ANDREWS *against* MORSE and others.

The attorney of a judgment creditor has a lien upon the judgment and execution, as against the debtor, with notice, for his services and disbursements in the progress of the suit, which courts of law and equity will protect, subject to the equitable rights of others.

Therefore, where an attorney, having obtained a judgment in favour of his client, who had no other property, claimed a lien thereon for his fees and disbursements, and gave notice of such claim to the creditor and debtor ; after which the debtor paid the amount of the judgment to the creditor, regardless of the attorney's claim ; it was held, that notwithstanding such payment, the attorney was entitled to proceed with the execution against the debtor and enforce payment to the extent of his fees and disbursements.

THIS was a bill in chancery for an injunction to restrain further proceedings in the collection of an execution in favour of *Morse,* one of the defendants, against the plaintiff.

In *September,* 1837, *Morse* recovered judgment against *Andrews,* before the superior court, on which the execution mentioned in the plaintiff's bill, was taken out. *Elisha Phelps, William Hungerford* and *William R. Cone,* Esq'rs. attorneys at law, were respectively employed by *Morse,* as counsel in the cause, and had the management of it, from its commencement to its termination ; and for their fees and the

moneys expended by them, in the prosecution of this suit, *Morse* became indebted to them, in certain sums, no part of which has ever been paid; nor have they, or either of them, any security therefor, unless by virtue of a lien upon such judgment or execution. They had delivered the execution to a deputy sheriff, for the purpose of having it collected, with directions to him, to pay over the proceeds to them, that they might retain their fees and expenses therefrom. Shortly after the execution issued, and before it was given out for collection, these attorneys respectively gave notice of the lien which they claimed, to both the creditor and debtor, and required of each that the execution, to the extent of their liens, should be paid to them. *Morse,* at the time the judgment was recovered, and long before, was, and ever since has been, insolvent, and without any means of satisfying his attorneys' fees and expenses, except by the fruits of this judgment. After notice so given, *Andrews* gave, and *Morse* accepted sundry promissory notes, in satisfaction of said judgment and execution; and afterwards, the officer who had the execution, under the direction of said attorneys, levied it upon certain property of *Andrews,* and, at the time the plaintiff's bill was brought, was proceeding, in due course of law, to enforce the payment thereof, to the extent of the liens claimed by said attorneys.

A temporary injunction was granted, by the Chief Justice; and the case was reserved for the advice of this court, as to what decree should be passed.

*W. W. Ellsworth,* for the plaintiff, contended, That by the law of this state, an attorney has no lien on a judgment and execution in favour of his client. He cited *Rumrill* v. *Huntington,* 5 *Day* 163. *Gager* & al. v. *Watson,* 11 *Conn. Rep.* 168. *Francis* v. *Rand,* 7 *Conn. Rep.* 221. There is nothing in this case to distinguish it from the cases referred to. A lien, where it exists, is founded on *services rendered,* and does not depend at all on *notice.*

*Hungerford,* for the defendant, contended, 1. That an attorney, as against his client, has a lien upon a judgment recovered in favour of his client, for his, the attorney's, fees and expenses in the suit in which such judgment is recovered. *Mitchell* v. *Oldfield,* 4 *Term Rep.* 123. *Ormerod* v. *Tate,*

1 *East* 464. *Martin* v. *Hawks,* 15 *Johns. Rep.* 405. *Rumrill* v. *Huntington,* 5 *Day* 165. *Gager* & al. v. *Watson,* 11 *Conn. Rep.* 168.

2. That notice of the attorneys' lien having been given to *Andrews,* the plaintiff, before payment, he is still liable to pay their bills. *Pinder* v. *Morris,* 3 *Caines,* 165. *Foot* v. *Tewksbury,* 2 *Verm. Rep.* 97. *Lake* v. *Ingham,* 3 *Verm. Rep.* 149. *Welsh* v. *Hole, Doug.* 238. *Swain* v. *Senate,* 2 *New Rep.* 99. *Griffin* v. *Eyles,* 1 *H. Bla.* 122.

CHURCH, J. The facts, as drawn up and agreed to, by the parties in this case, present but a single question. Have the attorneys of the plaintiff in the execution, by whom professional services have been rendered and moneys disbursed, in the progress of the suit which produced the execution, such a claim upon the judgment and execution, as against the defendant therein, as ought to be protected ?

We have believed that the opinion expressed by us, in the case of *Gager* & al. v. *Watson,* 11 *Conn. Rep.* 168. sanctioned this claim of the attorneys; but as this has been doubted, we will consider the question again. We do not say, nor do we believe, that attorneys in any case have a lien upon the judgments and papers of their clients similar to that which manufacturers and others have upon goods and moneys in their hands. We only say, that they have, in certain cases, of which this is one, such a claim upon them as courts of law and equity will protect and enforce, until their lawful fees and disbursements are paid, subject to the equitable rights of others.

This claim, which has been generally denominated a lien, has long been recognized, by the *English* courts of law and equity ; although the court of *King's Bench* has extended the claim of the attorney farther than the court of *Common Pleas* has been willing to follow. And in courts of equity, the precise extent of the lien has not been uniformly recognized. The variety of practice on this subject in the *English* courts, at length produced a rule of the twelve judges, by which, in 1832, the practice of the court of *King's Bench* was adopted, as applicable to all the courts. But we think the attorney's lien, to the extent to which we recognize it, has not been denied, in any of the common law courts of *England.*

In the case of *Rumrill* v. *Huntington,* 5 *Day* 163. *Trum-*

*bull*, J., in giving the opinion of the court, says : " It is a general principle, that an attorney has a lien for his services and expenses on the papers and securities of his client, &c. But an attorney has no lien upon a judgment obtained in favour of his client, which can vary or affect the rights of a stranger." And we said in the case of *Gager* & al. v. *Watson*, that " the attorney's lien upon judgments is subject to the equitable claims of the parties in the cause, as well as to the rights of third persons, which cannot be varied or affected, by such lien." A claim of the attorney to this extent was recognized in the following cases, decided by the court of *Common Pleas* and *King's Bench*. *Emden* v. *Darley*, 1 *New Rep.* 22. *Swain* v. *Senate*, 2 *New Rep.* 98. *Wilkins* & al. v. *Carmichael*, *Doug.* 97. *Mitchell* v. *Oldfield*, 4 *Term Rep.* 123. *Rundle* v. *Fuller*, 6 *Term Rep.* 452. *Read* v. *Dapper*, 6 *Term Rep.* 360. *Ormerod* v. *Tate*, 1 *East*, 464.

In the case of *Pinder* v. *Morris*, 3 *Caines' Rep.* 165. the supreme court of the state of *New-York* held, that if the defendant pay to the plaintiff the debt and costs, after notice from the attorney, he pays in his own wrong ; and this is the principle established or recognized in the two last cases cited from the *English* books. This subject is well considered, by the same court, in the case of *Martin* v. *Hawks*, 15 *Johns. Rep.* 405. ; and the claim of the attorney placed, as we think, upon its true ground. In that case, the attorney is treated in regard to his lien, as the assignee of a chose in action is considered, who takes it subject to all the rights and equities attached to it. And this is considered the true doctrine, by Lord *Mansfield*, in the case of *Welsh* v. *Hole*, *Doug.* 238. and by Lord *Kenyon*, in the case of *Read* v. *Dapper*, 6 *Term Rep.* 361. and by the court of errors of the state of *New-York*, in the case of *Nichol* v. *Nichol*, 16 *Wend.* 446. This principle is entirely consistent with the doctrine of this court in the cases of *Rumrill* v. *Huntington*, and *Gager* & al. v. *Watson*.

If we apply this principle to the facts in this case, we cannot fail to discover, that the claims of the attorneys here have not been defeated, by any legal or equitable rights of others; but exist as perfectly against *Andrews*, the execution debtor, who prosecutes this injunction, as against their own client, *Morse*. The execution was delivered, by the attorneys, to the officer, with a notice of their lien, and with directions to collect

*Hartford,*
June, 1838.

Andrews
*v.*
Morse.

*Hartford,*
*June, 1838.*

————————

Andrews
*v.*
Morse.

and pay over its proceeds to them. And the same notice was given to the debtor in the execution, before any thing had transpired, *changing the relative rights* or duties of any of the parties interested, and before any thing had been paid on the execution. Under these circumstances, this debtor had no equitable claims. He paid with full notice of the attorneys' prior claim, and in defiance of it. In this, his conduct was collusive and fraudulent; and the payment was made in his own wrong.

We shall advise the superior court, that the injunction in this case ought to be dissolved; and that the plaintiff take nothing by his bill.

*In this opinion the other Judges concurred.*

Bill to be dismissed.