Jones and another vs. St. Onge and others, Garnishees.

JONES and another, Respondents, vs. ST. ONGE, Appellant, and others, Garnishees.

*November 29 — December 14, 1886.*

GARNISHMENT: JUSTICES' COURTS. *(1) Form of affidavit. (2) Liability becoming absolute after service of process: Judgment in circuit court subject to garnishment in justice's court. (3) Principal debtor garnished alone.*

1. Ch. 86, Laws of 1881, amending sec. 2753, R. S., and requiring an affidavit for garnishment in the circuit court to state the amount of the plaintiff's claim over and above all offsets, does not by implication amend sec. 3716, R. S., prescribing the practice in justices' courts.

2. When garnishment proceedings were commenced in a justice's court a verdict had been rendered in the circuit court in favor of the defendant and against the garnishee. A money judgment was entered upon such verdict and docketed before judgment was rendered against the defendant in the justice's court. *Held,* that such judgment in the circuit court was subject to the garnishment in the justice's court. R. S. sec. 2769, subd. 4, and sec. 2770.

3. A principal debtor who is primarily liable for the whole amount of a judgment rendered against himself and his sureties, may be garnished alone.

APPEAL from the Circuit Court for *Wood* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

"January 20, 1885, *Peter St. Onge* commenced an action of replevin against Robert and W. D. Connor, in the circuit court for Wood county, to recover certain logs described. Thereupon the Connors gave the requisite undertaking, with two sureties, and retained possession. Issue being joined in said action, the same was tried in said circuit court. Upon that trial, and June 2, 1885, the jury returned a verdict to the effect that *St. Onge* was the owner and lawfully entitled to the possession of the logs; that the Connors unlawfully took, and then unlawfully withheld, such possession from

*St. Onge;* that the value of said logs was $208.55; that *St. Onge* had suffered damages by such unlawful taking and detention in the sum of $5.47, making altogether the sum of $214.02. June 17, 1885, judgment was entered upon said verdict with the clerk of said circuit court, in favor of *St. Onge* and against the Connors and their sureties, as a money judgment, and the same was docketed with the clerk of said court, June 18, 1885.

" This action was commenced in justice's court in favor of the plaintiffs, *Jones* and *Nash,* and against said *St. Onge* as principal defendant, and the said Connors as garnishees; and the garnishee process was served on the Connors, June 3, 1885, and on *St. Onge,* June 5, 1885. The cause in the justice's court was adjourned from time to time until July 31, 1885, when judgment was rendered against *St. Onge;* and it was then, among other things, found that the Connors, as garnishees, were indebted to *St. Onge* in the sum of $208.55, and it was accordingly ordered by the justice that the Connors, as such garnishees, pay over to the justice, for the benefit of the plaintiffs therein, the sum of $90.65. August 18, 1885, *St. Onge* appealed to the circuit court "from the judgment or order rendered and entered " in the action before the justice in favor of the plaintiffs and against the Connors, as such garnishees, for the amount of damages and costs stated.

" On a retrial in the circuit court, the plaintiffs having recovered judgment in the principal action against *St. Onge* for $71.25 and costs, and the jury having been waived in the garnishee action, and the cause having been tried by the court, it was found, January 2, 1886, in effect, as matters of fact: (1) that at the time of the service of the garnishee process the Connors were indebted to *St. Onge* in the sum of $208; (2) that such indebtedness existed in the form of a judgment in the circuit court against them and in favor of *St. Onge,* docketed June 18, 1885, and recorded in the judg-

ment record. And as conclusions of law the court found, in effect, that the plaintiffs were entitled to recover from the Connors, as such garnishees, the sum of $71.27 recovered in said principal action, and also the costs taxed in said action, which aggregate sum, when paid, should be so much paid upon the judgment in favor of *St. Onge* and against the Connors. From the judgment entered thereon accordingly the defendant *Peter St. Onge* appeals."

For the appellant the cause was submitted on the brief of *Jones & Sanborn.* They contended, *inter alia,* that the garnishee was not liable as such unless he was indebted to the defendant at the time of the service of process, and that a mere verdict did not create an indebtedness. *Martz v. Detroit F. & M. Ins. Co.* 28 Mich. 201; *Bishop v. Young,* 17 Wis. 46; *Detroit P. & T. Co. v. Reilly,* 46 Mich. 459; *Case T. M. Co. v. Miracle,* 54 Wis. 298; Waples on Attach. 197. A judgment in the circuit court cannot be the subject of garnishment in a justice's court. Drake on Attach. (4th ed.), sec. 625; *Clodfelter v. Cox,* 1 Sneed, 330; *S. C.* 60 Am. Dec. 157; *Custer v. White,* 49 Mich. 262; *Sievers v. Woodburn S. W. Co.* 43 id. 275; *Wood v. Lake,* 13 Wis. 84; Waples on Attach. 597; *Shinn v. Zimmerman,* 55 Am. Dec. 260; *Trowbridge v. Means,* 39 id. 368; *Howell v. Freeman,* 3 Mass. 121.

*L. P. Powers,* for the respondents.

CASSODAY, J. 1. The garnishee proceedings were commenced in justice's court. The requisites of the affidavit for garnishment in that court are prescribed by sec. 3716, R. S. The affidavit here conformed to those requirements. This was sufficient to give the justice jurisdiction, without stating the amount of the plaintiff's claim against the defendant over and above all offsets, as required in an affidavit for garnishment in the circuit court by secs. 2753, 2768, R. S., as amended by ch. 86, Laws of 1881, and ch. 286, Laws of 1885. An amendment to a particular section

of the statute prescribing a certain practice in the circuit court, does not, by mere implication, amend a different section prescribing a similar practice in justice's court.

2. *St. Onge* appeared in the justice's court and the circuit court, and defended the proceedings against the garnishee, upon the ground that the indebtedness of the garnishee was not liable to garnishment. This he was authorized to do by statute. Sec. 3723, R. S.; *Garland v. McKittrick*, 52 Wis. 265. He still insists upon such defense. The argument is, in effect, that as *St. Onge* only had a verdict in an action of tort against the Connors at the time of the service of the garnishee process, it was not subject to garnishment. But it had ripened into a money judgment long before judgment in the garnishee suit. Where the plaintiff recovers against the defendant in the original action commenced in a justice's court, and the answer of the garnishee, when no issue is made thereon, or the finding of the court or jury on an issue, shows that the garnishee at the time of service of the summons was indebted to him, the justice is required to enter an order in his docket requiring the garnishee, within ten days, to pay the amount of such indebtedness, or so much thereof as may be necessary to satisfy such judgment, with costs thereof, and the costs of the garnishee proceedings. Sec. 3725, R. S.; Laws of 1880, ch. 207. "No final judgment shall be rendered against the garnishee until final judgment be rendered against the defendant in the original action; but no judgment shall be rendered against a garnishee, or any money or property be required to be delivered by him to the justice, upon any liability arising out of either of the causes mentioned in sec. 2769." [R. S. sec. 3727.]

The liability here sought to be garnished did not arise out of either of the causes therein mentioned. That section provides, among other things, that "no judgment shall be rendered upon liability of the garnishee arising . . .

(4) by reason of any money or other thing owing from him to the defendant, unless, *before* judgment against the defendant, *it shall have become due absolutely and without depending on any future contingency.*" Here the money judgment in the action of replevin, which was entered and docketed long before the judgment against *St. Onge* in this action in the justice's court, became at once a debt, due absolutely and without depending on any subsequent contingency. It was, therefore, subject to garnishment, though contingent at the time the garnishee papers were served.

It is in no sense like *Case T. M. Co. v. Miracle*, 54 Wis. 295, which turned upon the character or trust capacity of the garnishee, and not upon the nature of the demand. The right of garnishment having thus been expressly given by our statutes, it is unnecessary to distinguish decisions in other states under different statutes, making the right of garnishment to depend upon the nature of such indebtedness or liability at the time of the service of the garnishee process instead of at the time of judgment in the garnishee suit as our statute cited does. The construction given to the statute cited is strengthened by the provision of sec. 2770, R. S., which precluded *St. Onge* from issuing an execution on his judgment against the Connors, subsequent to the service of the garnishee summons, until the termination of the garnishee action.

3. The mere fact that the judgment against the Connors and in favor of *St. Onge* was rendered in the circuit court, did not prevent its being garnished in the justice's court. The garnishee process operated upon the parties, and not upon the circuit court. The order to pay was made after the rendition of such judgment, and hence in no way frustrated the jurisdiction of that court.

4. The mere fact that the judgment in the circuit court was against the Connors and their sureties did not prevent

the garnishment of the Connors alone, since they were primarily liable for the whole amount of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.