[No. 1931, February 7, 1917.]

HARDWICK v. HARRIS et al.

(HARDWICK, Garnishee.)

### SYLLABUS BY THE COURT.

A judgment debtor under a judgment of the Supreme Court of the state may be garnished in an action in the district court brought by a third person against the judgment creditor.

Appeal from District Court, Eddy County; Richardson, Judge.

Suit by E. R. Hardwick against W. B. Harris and others; E. F. Hardwick, garnishee. Motion to dismiss garnishment proceedings sustained, and plaintiff appeals. Reversed, and cause remanded, with instructions to set aside order dismissing garnishment proceeding.

J. B. ATKINSON of Artesia, for appellant.

J. G. OSBURN and W. B. ROBINSON, both of Carlsbad, for appellees.

### OPINION OF THE COURT.

PARKER, J.—Appellant brought this action upon a judgment obtained by one J. P. Dyer and assigned to the appellant. The appellant caused a writ of garnishment to issue against E. F. Hardwick, who made answer that he was indebted to the defendant in a certain sum of money on account of a judgment rendered against him in the Supreme Court of the state. The defendant filed a motion to dismiss the garnishment proceeding on the ground that the debt sought to be garnished was not sub-

ject to garnishment in the district court, it being a debt by a judgment of the Supreme Court and was not subject to garnishment by reason of the rule that a judgment debt is not subject to garnishment in a court other than that in which the judgment was rendered. The court sustained the motion and dismissed the garnishment proceeding, and after a motion to set aside said order of dismissal, which was refused, the plaintiff appealed to this court.

This record presents squarely the proposition as to whether a judgment debtor under a judgment in one court of the state may be garnished in an action against the judgment creditor in another state court. There is much difference of opinion among the courts, but the great weight of authority is to the effect that such garnishment is not allowable. Scott v. Rohman, 43 Neb. 618, 62 N. W. 46, 47 Am. St. Rep. 767, is a well-considered case stating the majority doctrine. After citing many cases and quoting from text-writers, the court says:

"To allow a judgment to be garnished in a court other than the one in which it was rendered would subject the debtor to a double judgment on a single liability, and thereby subject him to the danger of being compelled to pay the debt twice. Besides, it would permit one court to interfere with the due execution of process in another tribunal. We are unwilling to place a construction upon the statutes that is liable to lead to such results. Upon principle and authority we are constrained to hold that the garnishment proceedings in the county court, in the case of Scott v. Lanham, were void, and consequently created no lien upon the fund in controversy."

This statement contains the argument upon which the right to garnish under such circumstances is denied. Two propositions are put forward, viz.: The garnishee may be subject to double liability for the same debt; and to allow the proceeding would be to allow one court to interfere with the jurisdiction of another.

The minority doctrine to the effect that garnishment proceedings may be maintained in one state court against a judgment debtor in another state court is supported in Wisconsin and Illinois. See Jones v. St. Onge, 67 Wis. 520, 30 N. W. 927; Luton v. Hoehn, 72 Ill. 81.

Mr. Waples thus treats the subject:

"It has long been a mooted question whether a judgment debtor can be garnished. It may be considered under two aspects: First, in relation to the judgment debtor; and, secondly, in relation to the court rendering the judgment. So far as the former is concerned, there is no reason why he should not be garnished and the judgment debt attached in his hands in a suit against the judgment creditor. He has no cause of complaint when he gets acquittance by paying to another under judicial order what he would otherwise be obliged to pay to his immediate creditor. He would have cause to complain should he be made to pay at the time when such payment would give him no acquittance, or under circumstances which would give him no relief from the judgment. If the judgment against him is in a foreign court, or in any court other than that in which he is garnished, he should be discharged upon disclosing the existence of the judgment.

"This leads to the consideration of the question in relation to the court rendering the judgment. The court, being possessed of jurisdiction, has the exclusive right of effectuating its decree by execution. No other equal tribunal can step before it and say that the judgment debtor must pay to some person other than the judgment creditor, without interfering with the jurisdictional power to execute the judgment rendered. If however the attachment suit is brought in the same court that rendered the judgment there would be no clash of jurisdiction should the attaching creditor be subrogated to the right of the judgment creditor in a suit against the latter." Waples on Attachment and Garnishment, pp. 596, 597.

Mr. Drake, after discussing the question of the right to garnish a judgment debtor and deciding in favor of the right, states his views as follows:

"However strongly these reasons apply to the case of a garnishment of the judgment debtor in the same court in which the judgment was rendered, their force is lost when the judgment is in one court and the garnishment in another. There a new question springs up, growing out of the conflict of jurisdiction which at once takes place. Upon what ground can one court assume to nullify in this indirect manner the judgment of another? Clearly, the attempt would be absurd, especially where the two courts were of different jurisdictions, or existed under different governments. Take, for example, the case of a court of law attempting to arrest the execution of a decree of a court of equity for the payment of money, by garnishing the defendant; or that of a state court so interfering with the judgment of a federal

court, or vice versa. It is not to be supposed that, in either case, the court rendering the judgment or decree would or should tolerate so violent an encroachment on its prerogatives and jurisdiction." Drake on Attachments, § 625.

Mr. Rood states the majority rule as we have above stated it, and says:

"The principal reason given for these decisions is that to allow this to be done would be permitting one court to control the action of another of the same or superior authority and dignity, and, even in the same jurisdiction, would be an intolerable interference with the action of the other court." Rood on Garnishment, § 146.

He says further in the same section:

"But the Supreme Courts of some of the states take the more practical view that courts are ordained and established as means of justice, and that, so far as the courts of the particular state are concerned, it is not the action of the court, but the action of the defendant, that is stayed, and not even that if he wishes to give the requisite bond to release the garnishee; and therefore that it makes no difference whether the suit or judgment against the garnishee is in the same court in which it is attempted to charge him as garnishee or in another, or whether the courts be of the same or different authority"—citing the Wisconsin and Illinois cases.

See, also, Freeman on Execution (3d ed.) § 166.

An examination of the doctrine upon which a garnishment is denied in one court against a judgment debtor in another court of the same state fails to convince us of their soundness, although, as before stated, a strong majority of the courts of the country so hold. In regard to the danger to the garnishee of being compelled to make double payment of a single demand, we believe this is more imaginary than real. If the garnishee pays either judgment under compulsion by reason of the levy of an execution, he has a perfectly adequate remedy to be relieved from the other judgment. He may appear in the other court and by audita querela or by an equitable proceeding obtain relief against the enforcement of such judgment. Drake on Attachment, § 623; Gager v. Watson, 11 Conn. 168; 6 C. J. 853; Gridley v. Harraden, 14 Mass. 497.

It may be suggested that this method of relief would entail upon the garnishee costs and expenses which he could in no event recover from the person responsible for the same. This may be conceded to be true, but in comparison to the great benefit to the people at large, by reason of our holding, this occasional inconvenience and loss must yield. It is highly important that the law should be so administered as to afford relief to creditors against their debtors, and the inconvenience and embarrassment to the few must yield to the greater benefit to the many. See Gager v. Watson, 11 Conn. 168.

In regard to the interference with the jurisdiction of one court by another court of the same state, if garnishment under these circumstances is to be allowed, we can see no merit in the argument. When a court issues its execution for the collection of the money judgment, it furnishes to the judgment creditor a means of enforcing this judgment. The court is not interested in the collection of the judgment, but the judgment creditor is. If he is prevented from collecting the judgment under execution, by reason of garnishment process served upon his debtor in an action against him, his hand is stayed, not the hand of the court. See Rood on Garnishment, § 146, and the Wisconsin and Illinois cases, cited supra. Besides, the execution of the judgment would not be stayed by the fact of the garnishment of the judgment debtor. It could not be stayed except upon application to the court issuing the execution. If the judgment is collected under the execution, this would furnish a good defense to the judgment debtor in the garnishment proceeding and could be set up in his answer. If the execution were not to be levied until after the garnishee had answered in the garnishment proceedings, he might ask leave to file a supplemental answer. If the execution were not served until after judgment was taken against the garnishee in the garnishment proceeding, he might obtain relief from the judgment by audita querela, or a motion in the nature of audita querela. There is no conflict between the jurisdictions of the two courts as the process of neither can be controlled by the other.

In this connection, it is to be noted that there are cases in which garnishment could not be allowed without encroachment by one court upon the jurisdiction of another. Where some specific duty has been imposed upon a defendant by a decree in equity, no interference with the performance of that duty could be tolerated without encroaching upon the jurisdiction of the court rendering the decree. Likewise, garnishment of a judgment debtor in this state under a judgment of a foreign jurisdiction might present such difficulties as to render the remedy unavailable. But no such question is presented by this record.

As before stated, this is a minority doctrine and has not received the support of many of the cases. We believe, however, that it conduces to the administration of justice and presents no difficulties in the way of injustice to the garnishee or encroachment of one court upon the jurisdiction of another.

In reversing this case we wish to say that the district court was evidently entirely justified in the action which it took in so far as the point under discussion is concerned. The court followed the well-defined majority doctrine and had no reason to feel any doubt about its decision. This court, however, has power, and it is its duty, to so mold the law of the state as to bring about a harmonious system calculated, in its opinion, to work out the greatest good to the people. It is for this reason that we adopt the doctrine announced.

For the reasons stated, the judgment of the court below will be reversed, and the cause remanded, with instructions to set aside the order dismissing the garnishment proceedings and to proceed in accordance with this opinion, and it is so ordered.

HANNA, C.J., concurs; ROBERTS, J., dissents.