Hoven vs. Employers' Liability Assurance Corporation.

93        201'
s32 LRA   388
44 LRA 512n
48 LRA 770n
57 LRA 791n
57 LRA   792

93        201
59 LRA    446

HOVEN, Respondent, vs. EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, Garnishee, Appellant.

*April 14 — May 1, 1896.*

*Insurance against employers' liability: Indemnity against liability or*
*damage ? Contract construed: Garnishment.*

1. A policy of insurance by which the insurer agrees to pay an employer
all sums for which he "shall become liable to his employees" on
account of personal injuries, and containing conditions inconsist-
ent with the theory that the contract is merely an indemnity
against damage, is *held* to be a contract of indemnity against lia-
bility, so that payment by the employer of a personal injury claim
is not a condition precedent to his right to recover against the in-
surer.

2. An injury to an employee in iron and steel works, caused by the
fall of a girder which was being raised by an independent crew
engaged in building an addition to the works, is within the terms
of a policy of insurance against liability for injuries to employees
in "all operations connected with the business of iron and steel
works."

3. Where, by the entry of judgment against an employer in an action
for damages by an injured employee, the indebtedness of an insur-
ance company becomes absolute on a policy insuring the employer
against liability for such injuries, such indebtedness is subject to
garnishment, under sec. 2769, R. S., in a proceeding subsequently
commenced by such employee against the insurance company as
garnishee of the employer.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

On the 3d day of March, 1892, the appellant issued to the
West Superior Iron & Steel Company its policy of insur-
ance, the essential parts of which are as follows:

"Whereas, the West Superior Iron and Steel Company of
West Superior, Wisconsin, hereinafter called the employer,
by application dated the 1st of March, 1892, the statements
in which the employer warrants to be true and agrees shall
be incorporated herein, has applied to the *Employers' Lia-*

*bility Assurance Corporation* . . . for indemnity against claims for compensation for personal injuries caused to employees while in its service at the place or places mentioned in the schedule hereto attached, and has paid to the corporation the sum of one thousand forty-four dollars as premium for such indemnity for twelve months from the 1st day of March, 1892, at noon, which premium is based on the estimated yearly pay roll of the employer, amounting to four hundred thousand dollars.

"Now, it is agreed as follows: That the corporation, in so far as regards injuries caused during the period covered by the premium now paid, or by any renewal premium, will pay to the employer . . . all such sums for which the employer shall become liable to his employees by virtue of the common law or of any statute, subject to the following limitations: . . . In the event of an accident which shall be the cause of the death of or injury to an employee the corporation shall not be liable for more than $1,500. . . . The sums paid to the employer shall be for personal injury within the meaning of this policy caused to any employee in its service while engaged in the employer's work in any of the occupations or at any of the places mentioned in the schedule hereto, such payment to be made within one week after the receipt by the corporation of satisfactory proofs of the claim; provided, always, that this policy is subject to the conditions . . . indorsed hereon."

The conditions indorsed provided, among other things, that in case of an accident causing personal injury to an employee, and an anticipated claim for damages, the assured should give immediate notice thereof to the company, and furnish such additional information as it might require, and that it should have the right to settle such claim or defend the same in the name of the employer.

The schedule referred to is as follows: Under the heading "Description of the Occupation of Employees" occurs the

following: "All operations connected with the business of iron and steel works." Under the heading "Wages Paid to Employees in the Occupation" occurs the following: "Four hundred thousand dollars." Under the heading "Places at Which Employees to Whom Wages are Paid are Employed" occurs the following: "West Superior and elsewhere in Wisconsin in the service of the employer."

The plaintiff, during the life of the policy, was one of the regular employees of the assured at said iron and steel works, and during such time, and on the 24th day of August, 1892, he received a personal injury. Notice, according to the terms of the policy, was given to the appellant., Plaintiff commenced suit against the employer to recover compensation for his injuries. Notice thereof was given to the appellant. It refused to take any action in the matter, upon the ground that "the operations being carried on at the time complained of, and by which plaintiff was injured, were not covered by the contract of insurance," namely, the erection of a building. Such proceedings were had in the action that plaintiff recovered judgment against the employer for $1,400 damages and $51.95 costs. Thereafter such proceedings were had that appellant was summoned as garnishee of the judgment debtor by reason of its liability on the policy.

Issue was joined in the garnishee action, and was tried, with the result that findings of fact were filed in accordance with the foregoing statement, and to the effect that at the time plaintiff was injured he was engaged in the manufacturing department; that the employer was building an addition to its works; that a crew other than the one plaintiff was connected with in the service of the employer was constructing the building; that while such crew was raising one of the girders it fell, striking against the shears at which plaintiff was at work, and, rebounding, struck and injured him; that the conditions of the policy to be performed by the employer subsequent to the accident in order to fix the

Hoven vs. Employers' Liability Assurance Corporation.

liability of the assurer were complied with. The court construed the policy as a contract to indemnify against liability, and upon such construction, and the foregoing facts and others not necessary to mention, found the appellant liable as garnishee, and ordered judgment accordingly. Appropriate exceptions were made to present the questions here considered. Judgment was entered in accordance with the findings, from which this appeal was taken.

For the appellant the cause was submitted on the brief of *E. F. McCausland* and *Kitchel, Cohen & Shaw.* They contended, *inter alia,* that the policy of insurance here in question is a contract of indemnity against damage, and the steel company can have no claim thereunder except upon proof of damage sustained. An insurance contract is, in its essence, a contract of indemnity against loss or damage. Indeed, the agreement for insurance can be sustained as a valid agreement only by keeping clear the essential quality of the contract as one of indemnity. When the contract steps beyond indemnity it becomes obnoxious to the rules of public policy against wagering. 1 May, Ins. (3d ed.), §§ 1, 2; Meredith's Emerigon, Ins. (ed. 1850), sec. 4, p. 13; *Castellain v. Preston*, 11 Q. B. Div. 380, 386. If the policy here in question was simply a policy of indemnity against liability, immediately upon the happening of an injury to an employee, at the place and in the work designated, the employer, if liable for the injury, has a cause of action against the insurer. He is not required to wait until the employee sues him or until a judgment is obtained against him in the employee's suit. Such a construction would give ample opportunity, not only for collusion between the employer and the employee, but also for the making of an actual profit by the employer without such collusion. The employer's liability is not only unliquidated, but proverbially uncertain, and a contract of indemnity against such liability is of necessity a chancing engagement — a wagering contract under

which the employer will generally receive not his exact loss, but either more or less than his exact loss. Such construction is opposed, not only to our sense of justice, but also to the practical principles upon which damages are measured. It permits a full recovery before the means of measuring the actual damage have arisen, and without regard to the actual damage. As to the difficulty which courts have had when they have wandered from the principle that a breach of the contract and damage arising from such breach must concur in order to maintain an action for damages, see *Valentine v. Wheeler*, 122 Mass. 566. Such a construction should be adopted that the indemnity shall be commensurate with the damage. Phillips, Ins. (5th ed.), 6. The word " claim," as regards the employer and the insurer, means a liability of the employer, under the terms of the policy, which he has paid, either under judgment or by consent of the insurer; and the " satisfactory proofs of claim " must necessarily show an authorized payment of such claim. *Traders' Ins. Co. v. Race*, 142 Ill. 338. See, also, *Taylor v. Coon*, 79 Wis. 76; *Thompson v. Taylor*, 30 id. 68. The *Hoven* accident was not within the terms of the policy. *People's Ice Co. v. Employers' L. Ass. Corp.* 161 Mass. 122; *Phillipsburg Horse Car Co. v. Fidelity & C. Co.* 160 Pa. St. 350. The alleged indebtedness from the garnishee to the defendant had not become absolutely due before judgment was entered against the defendant. At best it could become fixed and absolute only as a consequence of the entry of the judgment; and being a consequence of that judgment it cannot have been fixed and absolutely due *before* that judgment was entered. Sec. 2769, R. S., therefore, prevents absolutely any recovery against the garnishee in this proceeding. *St. Joseph Mfg. Co. v. Miller*, 69 Wis. 389.

*Victor Linley* and *John Brennan*, for the respondent, argued, among other things, that under the policy in question it was not necessary for the defendant to pay the plaintiff's

claim as a condition to its right of recovery. The contract on the part of the garnishee was one against liability, and it was liable without any proof of damage. *Selleck v. Griswold*, 57 Wis. 291; 10 Am. & Eng. Ency. of Law, 415, and cases cited; *Anoka L. Co. v. Fidelity & C. Co.* 65 N. W. Rep. 353; *Gilbert v. Wiman*, 1 N. Y. 550; *Trinity Church v. Higgins*, 48 id. 536; *Conner v. Reeves*, 103 id. 527; *Carman v. Noble*, 9 Pa. St. 366; *Fish v. Dana*, 10 Mass. 46; *In re Negus*, 7 Wend. 499; *Kirksey v. Friend*, 48 Ala. 276; *Conkey v. Hopkins*, 17 Johns. 113; *Jarvis v. Sewall*, 40 Barb. 449; *Banfield v. Marks*, 56 Cal. 185; *Martin v. Bolenbaugh*, 42 Ohio St. 508; *Rockfeller v. Donnelly*, 8 Cow. 623, 628; *Chace v. Hinman*, 8 Wend. 452; *Mann v. Eckford's Ex'rs*, 15 id. 502. The claim owing the defendant by the garnishee was subject to garnishment. All that was decided in *St. Joseph Mfg. Co. v. Miller*, 69 Wis. 389, is that an unliquidated claim for damages arising out of a tort is not garnishable before judgment. If the original judgment in that case had not been reversed, then the question in the case at bar would have been presented there, and the decision on such question it is evident would have been different. See *Murray v. Buell*, 76 Wis. 661. If in the case at bar the garnishee process had been served on the insurance company after verdict and before judgment, the facts in this case would have been the same as in *Jones v. St. Onge*, 67 Wis. 520. The fact that the garnishee process was served after judgment does not make the claim any the less subject to garnishment. The appellant was garnished in aid of execution. The construction of the statute contended for by appellant would prevent the garnishment in such cases of all debts owing the defendant which were contracted or arose after judgment in the main action. The word "defendant" where it occurs the second time in subd. 4, sec. 2769, evidently means "garnishee defendant," the object of the statute being not to allow a judgment against him upon an in-

debtedness which had not "become due absolutely and without depending on any future contingency."

MARSHALL, J.   Did the court err in construing the policy of insurance to be a contract of indemnity against liability, instead of one of indemnity against damages, and in holding that payment of the personal injury claim is not a condition precedent to the right to recover thereon?

The policy recites that it is issued on an application for *indemnity against claims for compensation for personal injuries.*   It acknowledges the payment of $1,044 as the premium for such indemnity for a period of twelve months. This is followed by the agreement to pay 'to the employer . . . all sums for which it shall become liable to its employees.'   Certain conditions are indorsed on the policy and made a part of it, which are consistent with the apparent meaning of the language contained in the body of the contract.   By such conditions the assured is prohibited from settling the claims, except by consent of the assurer.   They expressly provide that an action may be brought against the assurer before the payment of the claim, by the use of the following language: "The company shall not be sued upon this policy in any court after six years from the time that the injury occurred, upon or by reason of which the cause of action accrued, unless at the expiration of said time some suit brought by the injured employee be then pending against the employer, in which case an action may be brought within six months after the termination of such suit, and not later."   This language plainly indicates that payment of the claim is not a condition precedent to a right of action against the insurer on the policy.   Again, by one of the conditions, the insurance company assumes entire charge and responsibility for the settlement of the loss and of any legal proceedings, and for the payment of the costs thereof.   There is no way provided by which it can be re-

lieved of its liability except by actual payment to the employer of the full amount for which it could, in any event, become liable.

It will be seen that both the provisions in the body of the policy and the conditions indorsed thereon and made a part of it are inconsistent with any reasonable theory other than that the contract of insurance is one of indemnity against liability, and that actual damages are not a condition precedent to the maintenance of an action thereon. It not only clearly contemplates that such an action may be brought before actual payment of the claim for damages by the assured, but by plain and unmistakable language it contracts to indemnify the assured against *liability*, not against damages. The case is not one requiring a resort to rules for judicial construction in order to determine what the parties intended by the language of the contract. Substantially the same kind of policy was under consideration in the recent case of *Anoka L. Co. v. Fidelity & C. Co.* (Minn.), 65 N. W. Rep. 353, cited in the brief of counsel for respondent, where the court held it to be a contract of indemnity against liability, and said: " The intention of the parties appears to be so plainly expressed that any other construction than the one here given to the contract would do violence to the language they saw fit to use."

It is further claimed on the part of the appellant that the accident whereby plaintiff was injured was not within the terms of the contract of insurance; that by the schedule referred to in the body of the policy, and attached to it, liability was restricted to injuries to employees while engaged in operations connected with the business of iron and steel works,— that is, in the operating department of the business, as distinguished from business like that of constructing necessary buildings. To be sure, plaintiff was injured while at work in the operating department, by the fall of a girder which was being raised to its position by an inde-

pendent crew engaged in building an addition to the works. Therefore, if the labor of constructing such addition, under a proper interpretation of the policy, is not an operation connected with the business of iron and steel works, appellant is not liable.

We are referred to *People's Ice Co. v. Employers' L. Ass. Corp.* 161 Mass. 122, as a case directly in point to sustain appellant's contention. The policy in that case insured the employer against claims for damages on the part of its employees in "all operations connected with the business of ice dealers." The court held that this language covered only employees in the operating department, and that a person injured while engaged in constructing an ice-house was not one of the employees mentioned. But this conclusion was reached by reason of representations contained in the application upon which it was issued. The latter contained, among other representations, the following: "Employer's works are situated . . . where cutting ice." "The trade or business is ice dealers." "The operations carried on by the work-people are cutting and handling ice." "The machinery in use is such as is necessary in cutting ice." We are not prepared to say but that there was reasonable ground to hold that the policy, taken in connection with the application, and the language of the schedule, "*All operations connected with the business of ice dealers,*" covered only persons engaged in the actual operations of cutting, handling, storing, and delivering ice, and not those engaged in the construction of storehouses; nevertheless we should hesitate to adopt such construction if the precise question were before us. The language was inserted for the benefit of the appellant. It is its language. Therefore, if open to judicial construction at all, that interpretation should be given most favorable to the assured. *Insurance Co. of N. A. v. Garland,* 108 Ill. 220; *Niagara F. Ins. Co. v. Scammon,* 100 Ill. 644; *Symonds v. N. W. Mut. L. Ins. Co.* 23 Minn. 491; *Foot*

*v. Ætna L. Ins. Co.* 61 N. Y. 571; *Stout v. Comm. U. Ass. Co.* 11 Biss. 309; *Teutonia F. Ins. Co. v. Mund,* 102 Pa. St. 89. ·This rule is applied rigidly in the construction of conditions inserted in policies restricting the general scope of the contract of insurance. *Burkhard v. Travellers' Ins. Co.* 102 Pa. St. 262.

Here there is no application containing representations descriptive of the particular departments of the business covered by the contract as in the Massachusetts case, or of damages caused by particular instrumentalities as in the case of *Phillipsburg H. C. Co. v. Fidelity & C. Co.* 160 Pa. St. 350. The general language of the contract, "*All operations connected with the business of iron and steel works,*" is not restricted by anything in the conditions indorsed on the policy or any paper referred to or made a part of it. If the intention was to restrict such language to operations in any particular department, or to any particular branch of the business, or to any particular instrumentalities used in such business, it was easy to have said so in unmistakable language. The court should give the general language the· assurer saw fit to use, under the circumstances, a broad and liberal construction in favor of the objects for which the policy was taken out, and by so doing the conclusion is easily· ·reached that it covers the operation of constructing a building for the use of the assured in its business,· as one of the operations connected with such business.

It is further claimed that the indebtedness of the garnishee to the iron and steel company did not become due absolutely till judgment was entered in respondent's action against such company, hence not subject to garnishment when this action was commenced. We hardly understand the force of this assignment of error. Judgment *was* entered against the iron and steel company before the garnishee action was commenced. Entry of such judgment ·made the indebtedness of the iron and steel company abso-

lute. Sec. 2769, R. S., provides that "no judgment shall be rendered upon a liability of the garnishee . . . by reason of any money owing from him to the defendant, unless before judgment against the defendant it shall have become due absolutely." This action was not commenced till January 26, 1894. Judgment was entered in the action against the iron and steel company on the 22d day of December, 1893. Due notice was served upon the insurer of the claim for damages and of the commencement of the action therefor, and it refused to recognize the claim upon the ground that such claim was not covered by the policy. On the rendition of such judgment, under the circumstances, the liability of the garnishee became absolute for the amount thereof, $1,451.95, and that being before the commencement of this action satisfies the provisions of sec. 2769, R. S. *St. Joseph Mfg. Co. v. Miller*, 69 Wis. 389; *Jones v. St. Onge*, 67 Wis. 520.

There is no other question in the case requiring consideration.

*By the Court.*— The judgment of the superior court is affirmed.