(91 N. W. Rep. 35.)

---

### JOHN AMUNDSON *vs.* HARRISON WILSON.

---

**Fraudulent Conveyances—Judgment Creditor.**

> In actions to set aside conveyances of real estate as fraudulent, as against a creditor claiming under a judgment, proof of such judgment is requisite to maintain such action.

**Proof of Judgment.**

> The fact that such judgment was rendered in an action before the same court and judge is not, of itself, ground for dispensing with such proof.

**Manner of Proving Judgment.**

> If a proper objection is made, such judgment cannot be proven by introducing in evidence the executions issued thereunder, nor by the judgment docket containing an abstract of such judgment, nor by parol, in the absence of a showing that will allow the offer of secondary evidence.

**Judicial Notice.**

> Under section 5713d, Rev. Codes, a trial court is not required to take judicial notice of such judgment without being called upon to do so, and the introduction in evidence of the judgment docket, which is competent for some purposes in the case, is not, of itself, tantamount to calling upon the judge to take judicial notice of such judgment.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by John Amundson against Harrison Wilson and Ida M. Wilson. Judgment for plaintiff. Defendants appeal. Reversed.

*Lockerby & White (E. H. Wright,* of counsel), for appellants.

*Zuger & Paulson,* for respondent.

MORGAN, J. This is an action to cancel and set aside a deed to

real estate made and delivered on the 22nd day of January, 1898, by one Lydia A. Hackett to Ida M. Wilson, one of the defendants, for the N. W. ¼ of section 2, of township 141 N., of range 58 W. The defendant Harrison Wilson had purchased said lands from said Hackett under a contract or bond for a deed, and on January 21, 1898, completed the payment of the purchase price agreed upon for the same, and on the 22d day of January he caused said Hackett to convey said land by deed to his wife, Ida M. Wilson. It is alleged in the complaint that such deed was made and delivered with intent to defraud the plaintiff, and to prevent the collection of a certain judgment recovered by him against said Harrison Wilson; the action in which said judgment was recovered having been commenced on January 21, 1898. The action is also brought for the purpose of setting aside a certain chattel mortgage made and delivered by said Harrison Wilson to his wife, Ida M. Wilson, upon certain personal property, consisting of a threshing machine rig, upon the alleged ground that such mortgage was given with intent and for the purpose of hindering, delaying, and defrauding the plaintiff, a creditor of said defendant Harrison Wilson. The complaint sets forth the recovery of the judgment, the issuing of executions, the conveyance of the land, the giving of the chattel mortgage, the insolvency of the defendant Harrison Wilson, and that such conveyances were without consideration, fraudulent and void, and prays that they be canceled and set aside. Both defendants answered, and denied all the allegations of the complaint, and allege that the conveyances described in the complaint were given for a valuable consideration, in good faith, and without fraudulent intent. The trial resulted in a judgment in favor of the plaintiff, based on findings duly made by the court to the effect that all the allegations of the complaint are true. The defendants have appealed from such judgment, and have demanded a trial anew in this court.

The defendants claim, among other contentions, that there is no competent proof in the record that the plaintiff ever recovered a judgment against the defendant Harrison Wilson, and consequently that there is no proof that the defendant is a creditor of the plaintiff. Neither the entry of the judgment nor the judgment were proven at the trial. Nor was the existence of such judgment or its entry admitted by the defendants. The docketing of such alleged judgment was proven by the introduction in evidence of the judgment docket, and two executions purporting to have been issued upon such judgment were received in evidence. To the introduction of the judgment docket and the executions in evidence defendants objected when they were offered.

As the case is here for a trial de novo, it becomes necessary to determine whether the judgment docket or the executions are properly admissible as evidence of the recovery and entry of the judgment, in the absence of proof of the entry of such judgment in the judgment record. The district court expressly found that it had

been proven at the trial that a judgment for a specified sum had been recovered against the defendant and in favor of the plaintiff. If such finding is not sustained by competent evidence, neither it nor the judgment appealed from, on which it is based can stand. Section 5412, Rev. Codes, provides that a judgment is the final determination of the rights of the parties in the action. Section 5479 provides that "judgment upon an issue of law or fact, or upon confession, or upon failure to answer may be entered by the clerk upon the order of the court or of the judge thereof." Section 5487 provides that "the clerk shall keep among the records of the court a book for the entry of the judgments to be called the 'Judgment Book.'" Section 5488: "The judgment shall be entered in the judgment book and shall specify clearly the relief granted or other determination of the action." Section 5489 provides for the making up of the judgment roll by the clerk. Section 5490 provides for the docketing of judgments for the payments of money in the office of the clerk in a book known as the "Judgment Docket."

Under these sections this court has held that "there can be no judgment capable of being docketed or enforced in any manner until it is entered in the judgment book." *In re Weber,* 4 N. D. 125, 59 N. W. Rep. 523, 28 L. R. A. 621. In Iowa, under similar statutes, it is held: "It is apparent from the foregoing provisions that it is essential to the validity of a judgment that it should be entered upon the judgment book. This is the book in which a statement of the proceedings of the court is kept, and to which appeals must always be made to determine what has been done. The theory of the law is that it is kept under the direction and supervision of the judge, is approved by him, and constitutes the only proof of his acts." *Case* v. *Plato,* 54 Iowa, 67, 6 N. W. Rep. 128. In *Baxter* v. *Pritchard* (Iowa) 85 N. W. Rep. 633, the supreme court of Iowa said: "The only evidence introduced to show that plaintiff had a judgment was the judgment docket, and to this defendant objected, and his objections were overruled. * * * The record book is the best evidence of a judgment, and it, or a certified transcript thereof, is alone admissible to show a judgment, where no foundation is laid for introducing secondary evidence."

That a judgment docket is not properly admissible in evidence as the best evidence of the rendition and entry of the judgment is not seriously contended by respondent's attorneys. Their contention is expressed as follows in their brief: "The docket was not presented to the court to prove the existence of the judgment, but to invoke the judicial notice of the court. The court could have taken judicial notice of the judgment without the introduction of any book, because he was acquainted with the fact of such judgment and the record thereof." The above contention of the attorneys for respondent is based upon section 5713d, Rev. Codes, which reads as follows: "No evidence of any fact of which the court will take judicial notice need be given by the party alleging its ex-

istence; but the judge upon being called upon to take judicial notice thereof may, if he is unacquainted with such fact, refer to any person, document or book of reference for his satisfaction in relation thereto, or may refuse to take judicial notice thereof unless and until the party calling on him to take such notice produces any such document or book of reference." Courts will take judicial notice of the following facts: "(14) That the case before the court had connection with one formerly decided by it; * * * (19) of its own records and judgments." The language of this section is plain that the judge is to be called upon to take judicial notice of certain facts appearing in its records before he is to take such notice of such facts. The trial judge is not bound by such section to take judicial notice of any fact of his own motion. The party desiring the benefit of not being compelled to offer evidence of such fact must inform the court and opposing counsel that the provisions of the statute are relied on. Then the court elects whether it will take judicial notice of the fact suggested or not. Whether a judgment has been entered or not is a question of fact. In this case the answer denies that such judgment was entered. At no stage of the trial was the court expressly requested to take judicial notice of this judgment. It is not a judgment in the pending action. The issues are not the same as in the action on trial. The parties are not the same. In this case the wife is a necessary and proper party. In the former action she was not a party. It does not appear that the trial court did take judicial notice of the judgment. Proof of such judgment was therefore indispensable. It is claimed by respondent's counsel that the offer of the judgment docket was made as a request that the court take judicial notice of the judgment. No such purpose was stated by counsel when the offer was made. The offer of the docket was competent and relevant for another purpose. The issue of execution in this class of cases was necessary before bringing this action. The issuing of an execution presupposes the existence and docketing of a judgment. Hence the judgment docket and the executions were properly received in evidence for purposes not at all connected with the question of evidence, notice, or the existence of the judgment. Hence the defendants' counsel and the court had the right to suppose that the offer of these records was made for other purposes than that of invoking judicial notice of the entry of the judgment. In appeals from judgments rendered after trial, under section 5630, Rev. Codes, all the evidence on which the trial court based its judgment, as well as all evidence offered, is to be brought before this court. Objections may be noted thereto, but no evidence excluded from the record. Whatever evidence or fact is presented for consideration to that court must be produced in this court for consideration. The judgment not having been rendered in the same action, and the court not having been requested to take notice of its existence, proof thereof was required in order to show that plaintiff was a creditor. If the defendants had any

valid objections to urge against the existence of such judgment, they had the right to have the judgment exhibited and offered. In *Anderson* v. *Cecil*, 86 Md. 493, 38 Atl. Rep. 1074, the court said: "If, as contended at the argument, the complainants' right to the relief prayed for in the bill rested upon anything contained in these proceedings, they should have exhibited with the bill such evidence of their claim as would satisfy the court of the correctness of their contention. If the facts rest in record or depend upon written evidence, such documentary evidence of their truth as office copies or short copies and docket entries are required. * * * The facts that the proceedings referred to may be in the same court will not relieve the complainants of this obligation. A court will take judicial notice of its own records, but cannot travel for this purpose out of the records relating to a particular case; it cannot take notice of the proceedings in another case." See, also, 2 Whart. Ev. § 326. "The judgment itself may be produced for the inspection of the court when such judgment becomes relevant in another action in the same court. Such a judgment requires no authentication when produced by the clerk, as the court takes judicial notice of its own records." Jones, Ev. § 639. The record does not, therefore, show by any competent evidence that the plaintiff has a valid judgment against the defendants.

It is claimed that the record is replete with evidence that the case was tried on the theory that plaintiff recovered a judgment against the defendants. It is true that plaintiff's attorney, while a witness for the plaintiff, mentioned the fact of the recovery of judgment. He did not give dates, amounts, or any specific information concerning the same. He was not asked any questions, but gave his testimony in narrative form, and defendants' attorneys promptly moved to strike out such testimony. We think that such motion should have been granted, and the evidence disregarded, and this court will not regard such evidence as proof of a judgment, as against objection.

Some claim is also made that the evidence shows that such a judgment was rendered and entered by admissions of counsel and statements of witnesses made during defendants' examination under supplementary proceedings and during the trial of this action. There is no evidence in the record to that effect not objected to. Nowhere is the judgment proven by competent evidence, and it cannot be proven by general reference to the judgment, or "judgment debtor," or similar expressions. "A judgment is proved, not by the execution nor by parol evidence, but by the judgment itself." Jones, Ev. § 199. "If it [the judgment] was rendered in the same court in which the action is brought, the original record or judgment roll should be produced." Black, Judgm. § 968. See, also, 17 Am. & Eng. Enc. L. p. 926, and cases cited in note 6.

The record contains no competent proof that the judgment pleaded was rendered or entered. The executions or judgment docket were

therefore not shown to be founded on a judgment duly rendered or entered. The plaintiff did not bring himself within the provisions of section 5713d, Rev. Codes, by expressly requesting the court to take judicial notice of the judgment. The judgment appealed from therefore, was not based on any evidence so far as the judgment in the original action is concerned. This failure to offer the judgment was probably an oversight, and the attention of the trial court was not called to such omission until after the findings were made. Under the circumstances shown in the evidence relating to the cause of action on the merits, we deem it proper and in furtherance of justice to remand the case for a new trial, and such will be the order.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.