## GEORGE YOKELL v. A. O. ELDER.

(127 N. W. 514.)

**Judgment — Evidence to Establish.**

If a proper objection is made, a judgment cannot be proven by introducing in evidence the judgment docket containing an abstract of such judgment, nor

by parol evidence, in the absence of a showing that will allow the offer of secondary evidence.

Opinion filed June 24, 1910.

Appeal from District Court, Foster county; *Hon. E. T. Burke,* J.

Action by George Yokell against A. O. Elder. Judgment for plaintiff, and defendant appeals.

Reversed and remanded.

*Guy C. H. Corliss,* for appellant.

*F. Baldwin,* for respondent.

CRAWFORD, Special Judge. This is an appeal from the district court of Foster county, which action was tried by the court without a jury. The plaintiff and respondent alleges in his complaint that he purchased 78 head of cattle from the defendant on or about October 1, 1891, and in the following year one F. Goodrich brought an action in justice court in claim and delivery to recover possession of a cow and calf that were purchased from the defendant at said time, which action was appealed to the district court and decided adversely to the plaintiff herein, and judgment rendered against plaintiff for the value of the cow and calf and costs, amounting to $109. The plaintiff further alleges that one Goodrich secured possession of one of the steers purchased from defendant at the time above mentioned, and he (the plaintiff) was compelled to bring an action in claim and delivery to recover the possession of said steer, which action was decided adversely to this plaintiff, and judgment for costs entered against him in the sum of $48.75.

The plaintiff presents a twofold ground of recovery: First, with respect to the cow and calf; and, second, with respect to the steer. Plaintiff's right to recover on the first ground depends upon his proving that a judgment for the value of the cow and calf and for costs was recovered against him, and the amount of such judgment, and that the same has been paid by him. The defendant claims that there is no competent proof that Goodrich ever recovered a judgment against the plaintiff, nor was the existence of such judgment, or its entry, admitted by the defendant. The docketing of such alleged judgment was proven by the introduction in evidence of a certified copy of the judgment docket. The defendant objected to the introduction of the certified copy

of the judgment docket when it was offered in evidence. The only other evidence concerning the purported judgment was the plaintiff's testimony, as follows: "I have since paid that judgment. I had to pay all the cost."

It becomes necessary to determine whether the certified copy of the judgment docket and the parol testimony are properly admissible as evidence of the recovery and entry of such judgment in the judgment record. In Baxter v. Pritchard, 113 Iowa, 422, 85 N. W. 633, the Iowa court said: "The only evidence introduced to show that plaintiff had a judgment was the judgment docket, and to this the defendant objected and his objections were overruled. . . . The record book is the best evidence of a judgment, and it or a certified transcript thereof is alone admissible to show a judgment where no foundation is laid for introducing secondary evidence." The above case was cited and approved by this court in Amundson v. Wilson, 11 N. D. 193, 91 N. W. 37. The defendant is not liable unless a third person has recovered a judgment against the plaintiff for the same cow and calf which was sold to plaintiff by defendant, and the only competent evidence that a judgment was recovered in such an action is the judgment roll itself or a duly authenticated copy thereof. If the judgment roll does not make clear the identity of the property involved, parol evidence may be admitted to show that the property sold is the same as that involved in the suit, but it is essential, first, to lay the foundation for such proof by introducing in evidence the record of the judgment itself or a certified copy thereof, which the plaintiff has failed to do in this action.

The same defects as to proof apply with equal force to the second ground of recovery with respect to the steer. The record contains no competent proof that the judgments pleaded were rendered or entered, and hence the judgment docket was not shown to be founded upon a judgment duly entered, or rendered, or that such judgment involved the same property as that involved in this action.

Under the circumstances we deem it proper and in furtherance of justice to remand the case for a new trial and such will be the order. The judgment is reversed, a new trial granted. and the cause remanded for further proceedings. All concur.

CRAWFORD, J., sitting in place of ELLSWORTH, J., disqualified.