ILLINOIS SURETY COMPANY, Appellant, vs. MAGUIRE, Respondent.

*September 18—October 8, 1912.*

*Contracts: Construction: Indemnity against liability.*

A written contract to protect and indemnify another against loss, damage, or expense which he may sustain "or become liable for" in consequence of a certain act, is an agreement to protect against liability as well as damage, where the words quoted are not controlled by any other provisions of the contract.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge.   *Reversed.*

The cause was submitted for the appellant on the brief of *Holt & Coombs*, and for the respondent on that of *Merton, Newbury & Jacobson.*

WINSLOW, C. J.   In this case one question is presented by demurrer to the complaint, and that is the question whether a written agreement to protect and indemnify another against loss, damage, or expense which he may sustain "or become liable for" in consequence of a certain act, is an agreement to indemnify against actual damage alone, or to indemnify against liability as well.   We can entertain no doubt that it must be construed as an agreement to protect against liability as well as damage.   *Hoven v. Employers' L. A. Corp.* 93 Wis. 201, 67 N. W. 46.   To hold otherwise would be to eliminate the words "or become liable for" from the contract.   This cannot be done: the words are apt and unmistakable.   They are not controlled by any other provisions of the contract, and must receive their natural meaning.   It follows that the judgment appealed from was erroneous.

*By the Court.*—Judgment reversed, and action remanded with directions to overrule the demurrer to the complaint, and for further proceedings according to law.