[File No. 6368.]

DAVID C. JONES, William B. Bosworth, Lambert Roesch, Elmore S. Jenkins, Claude D. Simpson, Sam E. Olson, and N. R. Strand, and All Others Who Were Stockholders of the Farmers and Merchants State Bank of Ada, Minnesota, a Banking Corporation, Prior to April 7, 1926, Respondents, v. JAMES GRADY. and Helmer C. Aamoth, Appellants.

(266 N. W. 889.)

480

Opinion filed April 25, 1936.

*Shure & Murphy,* for appellants.

*J. E. Hendrickson, C. G. Dosland,* and *Brattland & Brattland,* for respondent.

NUESSLE, J. This action was brought to recover damages for breach of contract. Plaintiffs, in their complaint, set out the written contract on which they predicated their cause of action, alleged its breach and their damage in several respects, and claimed a recovery in a large amount. (See 62 N. D. 312, 243 N. W. 743, where the sufficiency of the complaint was passed upon.) Defendants, answering, admitted the making of a contract, which they set out in their answer, but denied that it was the one set out in the complaint, denied the allegations of the complaint with respect to its breach and the damages flowing therefrom; and, counterclaiming, sought to recover on account of a breach by the plaintiffs of the contract which was entered into. The case was tried to the court without a jury. The court found that the contract as set forth in the complaint had been entered into by the parties; that it had been substantially carried out by the defendants in all respects except as to saving the plaintiffs harmless from liability on a certain depositary bond; that the plaintiffs had performed their contract according to the terms thereof; and held that plaintiffs were entitled to recover on account of failure of the defendants to save them harmless from liability on such depositary bond, but on no other account; and further held against the defendants on their counterclaim.

Judgment was entered in accordance with the findings, conclusions, and order of the trial court. Thereafter the defendants perfected their appeal to this court from the judgment as entered and specified certain questions of fact which they desired to be reviewed. The statement of the case was settled accordingly.

The facts as disclosed by the record are substantially as follows: The plaintiffs were stockholders in and directors and officers of a Minnesota banking corporation. This bank was in difficulties. On account thereof the plaintiffs, on April 5, 1926, entered into a written contract with the defendants, by the terms of which the plaintiffs agreed to transfer to the defendants the stock of said bank and to pay them the sum of $40,000 in money or such other medium as might be satisfactory to the defendants. In consideration whereof, the defendants agreed to receive and take over the stock, enter into the control

and possession of the bank, refinance it, keep it open and doing business, properly conduct and manage it, assume all liability to the depositors, as shown by the books of the bank on that date, and "to assume all liability to state, county and city depositors on depositary bonds executed by the first parties (plaintiffs) and now in force, and to save them harmless from liability on such bonds, but to save trouble and delay the first parties are to formally remain bound on such bonds until they expire." Plaintiffs turned over the stock, pursuant to the terms of this contract, and paid the $40,000 as agreed. Defendants went into possession of the bank and conducted the business thereof until August 31, 1928, when it was closed by the banking authorities because it was insolvent. At the time the bank was closed the state of Minnesota had on deposit the sum of $11,459.70. The plaintiffs were sureties on the bond under which this deposit was made. The State sued and recovered judgment against the sureties for the amount of such deposit with interest and costs. Notice of this suit was given to the defendants, but they did not defend. The affairs of the insolvent bank were wound up by the banking department of the state of Minnesota and a dividend of 48 per cent was paid to the depositors.

The first question with which we are confronted on this appeal is concerned with the extent of the review that this court must give to the case. The case was properly triable to a jury. By agreement, however, it was tried to the court without a jury. The appeal is controlled by § 7846, Comp. Laws 1913, as amended, (see chapter 208, Sess. Laws 1933). The respondents insist that the case must be tried de novo and that all questions of fact must be reviewed. The appellants insist that under the provisions of this chapter the review here is much narrower and is limited to the questions specified in the notice of appeal and settled statement of the case.

It seems to us that we must sustain the appellants' contention. While the appeal is from the judgment, nevertheless, in the notice and in the settled statement of the case, the appellants specified the questions which they desire to have reviewed. Numerous issues of fact were raised by the pleadings. The trial court resolved all of those having to do with the plaintiffs' claim of recovery against the plaintiffs, except those pertaining to the question of liability on account of

failure to save the plaintiffs harmless from liability on the depositary bonds. He likewise found against the defendants on all of the questions of fact on which the defendants' counterclaim was predicated. The defendants, in their notice of appeal and in their settled statement of the case, specified the questions of fact which they desired to have reviewed, and those questions concern only the defendants' liability on account of the depositary bond. The plaintiffs perfected no cross appeal. The statute, § 7846, as amended, reads:

"A party desiring to appeal from a judgment in any such action, shall cause a statement of the case to be settled within the time and in the manner prescribed . . . and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. But if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement. The supreme court shall try anew the questions of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court."

The statute, of course, is conclusive in the matter, and under the circumstances here disclosed the review must be limited to the questions specified by the appellant. See, in this connection, Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519, and cases cited; Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433; First Nat. Bank v. Bremseth, 60 N. D. 401, 234 N. W. 758. Thus limited by the appellants' specifications, the only matters we are called upon to review on this appeal relate to the liability of the defendants under the contract on account of the depositary bond.

The defendants insist that the contract as entered into limited their liability to a period of one year, that the bank was kept open for two and one-half years and, accordingly, there is no liability on their part. Their first question specified for review requires a determina-

tion as to the contract. It is agreed that a writing was signed by all the parties to this controversy. The defendants contend, and produced evidence to that effect, that the contract as thus executed provided that they "undertake and agree to and with the first parties (plaintiffs) to take control of, manage and run said bank, furnishing such, financing as may be necessary to keep the bank open and doing business *for one year from date hereof* and to assume all liability to the depositors as shown by the books of said bank on the date hereon, and also to assume all liability to state, county and city depositors on depositary bonds executed by the first parties and now in force and to save them harmless from liability on such bonds for a *period of one year from date hereof,* but to save trouble and delay the first parties are to formally remain bound on said bonds until they expire." The plaintiffs insist, and they introduced evidence to that effect, that the contract as executed did not contain those clauses which are above italicized. In all other respects the parties are in accord as to the terms and conditions of the contract in question. The contract set out by the plaintiffs in their complaint does not contain these limiting clauses. This instrument, concededly signed by all the parties, both plaintiffs and defendants, was offered and received in evidence. On the other hand, the defendants, in support of and consistent with their contentions, put in evidence a written instrument also bearing the signatures of all the parties, both plaintiffs and defendants, on the last sheet thereof, which contains the limiting clauses in dispute. The defendants insist that the contract as actually entered into contained such clauses, that if this be not so, then in fact two instruments were signed by the parties, identical except as to the limiting clauses, and that therefore there was no valid contract for the reason that there was no meeting of minds, the plaintiffs executing the instruments under the belief that there was no limitation as to time, defendants executing them under the belief that there was such a limitation. The trial court found in accordance with the plaintiffs' contention that the contract as actually entered into and executed did not contain the controverted clauses.

We have carefully reviewed the voluminous evidence with respect to this controversy. We are agreed that the trial court's finding is correct. There is a square conflict in the oral evidence touching the

matter. But the circumstances preponderate in favor of the plaintiffs. Furthermore, the trial court saw and heard the witnesses and appreciable weight should be given to his findings. See Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 67 N. W. 300, 32 L.R.A. 730; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860.

The next questions that the defendants specified for investigation are as to whether an action was begun by the state of Minnesota against the plaintiffs on the depositary bond and, if so, whether the same resulted in a judgment against the signers thereof in the sum as found by the trial court. There can be no doubt that such an action was begun and, indeed, there is in fact no challenge to the trial court's finding to that effect. The plaintiffs in the court below offered in evidence a certified copy of the instruments making up the judgment roll in that action which was brought in the district court of Norman county, Minnesota. This was designated as Exhibit G. The defendants objected to this exhibit "as incompetent, irrelevant and immaterial; does not in any way relate to any of the issues in this lawsuit, and is wholly incompetent under the statutes of this state (North Dakota) to prove the entry of judgment in the action named therein, or in any other action." The theory of this objection was that under the statutes, both of North Dakota and Minnesota, there can be no judgment until the same is entered at length in the judgment book, §§ 7667, et seq., Comp. Laws 1913; Re Weber, 4 N. D. 119, 59 N. W. 523, 28 L.R.A. 621, and that the book itself is the best evidence thereof. Amundson v. Wilson, 11 N. D. 193, 91 N. W. 37; Yokell v. Elder, 20 N. D. 142, 127 N. W. 514. But the exhibit in question was properly attested by the clerk of the district court of the state of Minnesota for Norman county. The certificate of attestation certified that the judgment and other papers contained in said judgment roll had been compared with the originals thereof as the same appeared of record and on file in his office at the courthouse in said county, and that the same were true and correct copies of said originals and the whole thereof. It must be presumed from this certificate that the judgment, a copy of which was contained in the exhibit in question, was duly entered in the judgment book of Norman county, Minnesota. Accordingly, the proof offered to establish such judgment was sufficient. Of

course the best evidence would be the judgment book, but naturally such book could not be offered in evidence in the trial of a suit in the state of North Dakota, and in such case a certified transcript of the judgment was admissible to establish its entry. See Amundson v. Wilson, supra; Yokell v. Elder, supra. The trial court was correct in overruling the objection and in receiving the exhibit in evidence, and such exhibit was sufficient to sustain the trial court's finding with respect to the entry of judgment in the amount as shown therein. Thus it appears that a judgment was entered in the action on the depositary bond wherein the state of Minnesota was plaintiff and the sureties on such bond, including all of the named plaintiffs except Strand, were defendants, as of date December 28, 1929, for the sum of $12,394.28.

The defendants contend that, in any event, it does not appear that the plaintiffs were harmed by the entry of the judgment in question. Their theory is that the plaintiffs must establish not only that such judgment was entered against them, but also that they were compelled to and did pay the amount of such judgment, and that therefore the plaintiffs have the burden of showing such payments, if any, as were made. So they have specified as a question to be reviewed what payments if any were made by the plaintiffs. The record discloses that payments in the sum of $1,300 were made by two of the plaintiffs. There is no proof that any further sum was paid. The defendants, therefore, insist that this being so, if the judgment in this action be affirmed, it can be only for the amount of the payments thus made, together with interest thereon from date thereof. But, under the terms of the contract, the defendants agreed to assume all liability to state, county and city depositors on depositary bonds executed by the plaintiffs and to save them harmless from liability on such bonds. It is to be noted that by this contract the defendants undertook to save the plaintiffs harmless from liability and not harmless from damage that might be occasioned by liability. No other construction can be given to the language of the contract. There is a clear distinction between a contract to indemnify against damages and a contract to save harmless from (indemnity against) liability. In the former the indemnified parties must suffer loss before suit may be brought. In the latter, suit may be brought the moment that the liability against which they

are indemnified is established, though they have paid no money or suffered no pecuniary detriment by reason of such liability. See American Employers' Liability Ins. Co. v. Fordyce, 62 Ark. 562, 36 S. W. 1051, 54 Am. St. Rep. 305; Stephens v. Pennsylvania Casualty Co. 135 Mich. 189, 97 N. W. 686, 3 Ann. Cas. 478, and cases cited; McAbee v. Cribbs, 194 Pa. 94, 44 A. 1066; Hoven v. Employers' Liability Assur. Corp. (Hoven v. West Superior Iron & Steel Co.) 93 Wis. 201, 67 N. W. 46, 32 L.R.A. 388; Illinois Surety Co. v. Maguire, 150 Wis. 544, 137 N. W. 782; Stuart v. Carter, 79 W. Va. 92, 90 S. E. 537, L.R.A.1918D, 1070, and cases cited; Johnson v. Risk, 137 U. S. 300, 34 L. ed. 683, 11 S. Ct. 111. See, also, Weller v. Eames, 15 Minn. 461, Gil. 376, 2 Am. Rep. 150; note, Ann. Cas. 1913D, 1152. Since this is so the moment that the plaintiffs proved the entry of the judgment in question against them they established a breach of the contract entered into by the defendants and prima facie were entitled to recover therefor in the amount of their liability. And if in fact such judgment or any part thereof had been discharged by any one other than the plaintiffs, this would be a matter of defense to be established by the defendants.

The last question specified by the defendants for examination is as to whether the claims covered by the depositary bond were not fully paid to the state of Minnesota prior to the commencement of this action and, if not, the amount that remains due and unpaid. So far as appears from the record the judgment taken against the sureties by the state of Minnesota remains unsatisfied. The evidence is undisputed that $1,300 was paid to the state on account of its deposit by two of the plaintiffs. It is also conceded that dividends aggregating 48 per cent were paid in the process of liquidation of the bank. One Nellermoe was called and testified as a witness on behalf of both plaintiffs and defendants. Nellermoe was a special deputy bank examiner employed by the Banking Department of the state of Minnesota to liquidate the bank in question. He had been in charge of the liquidation since September, 1933. He testified that it appeared from the books and records in his custody that dividends of 48 per cent had been paid. He further testified that the principal of the claim of the state of Minnesota covered by the depositary bond in question had

been fully paid; that the interest had not been; that the Banking Department had made this payment to the state. The inference to be drawn from the record is that the state had exercised its right as a preferred creditor and that in this manner had procured the payment of its claim. This inference was confirmed by counsel on argument by their stipulation that the claim, excepting $1,100 interest, had been thus paid.

The plaintiffs' contention as to the effect of this application of dividends in payment of the state's claim is, that under the law of Minnesota, where the state has a deposit in an insolvent bank secured by surety bond, it is a preferred creditor of the bank and may proceed as such against the assets of the bank, or against the sureties on the bond, or against both; that it may assert its right as a preferred creditor of the bank and, as such, secure payment of its claim out of the assets and then also realize as against the sureties on the bond; that when it does this it turns the amount realized on the bond over to the liquidating officers of the bank to be distributed to the other creditors; that accordingly the liability of the sureties continues notwithstanding the payment of the claim out of the bank's assets. Counsel for plaintiffs offered in evidence the statute of Minnesota, § 106, General Statutes 1923, on which they predicate this theory. This statute provides: "In proceedings to wind up an insolvent bank in which state funds were deposited, the state shall continue to be a preferred creditor, and in cases where a bond with sureties has been given by the depositary as security for such deposit, then the state may proceed either as a preferred creditor against the assets of the insolvent depositary or as the obligee on such bond against the surety or sureties thereon or against both according as the state board of deposit may deem advisable, but in case the state receives or recovers any amount of its claim from such surety or sureties, the latter shall not, by reason thereof, be subrogated to the claim of the state against the assets of the insolvent depositary as a preferred creditor." However, as we read it, the statute does not support the plaintiffs' contention. Counsel cite and rely on In re Farmers State Bank, 174 Minn. 583, 219 N. W. 916 and State v. American Surety Co. 179 Minn. 143, 228 N. W. 613, in which the statute was construed and applied. These cases, however,

merely hold that where the state realizes on a depositary bond the sureties cannot be subrogated to the state as a preferred creditor of the bank.

It follows from what we have said above that the plaintiffs are entitled to recover in the amount of $1,300, the sum paid to the state by the sureties, with interest thereon at 6 per cent from May 1, 1929, plus $1,100, the amount of the interest remaining unpaid on the claim of the state with interest thereon at 6 per cent from July 5, 1934.

The judgment of the district court will be modified accordingly and, as modified, affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.