**Maxine WISEMAN, Plaintiff,**

v.

**NORTH CENTRAL AIRLINES, INC., a corporation, Defendant and Third-Party Plaintiff,**

v.

**The CITY OF ABERDEEN, SOUTH DA-KOTA, Third-Party Defendant.**

**Civ. No. 64–10N.**

United States District Court
S. D. South Dakota, N. D.

Oct. 29, 1965.

As Amended Nov. 19, 1965.

and against all liabilities, judgments, cost, damages and expense which may accrue against, be charged to or recovered from Lessor by reason or on account of damage to the property of the Lessor or the property of, injury to or the death of any person arising from the Lessee's use and occupancy of and operations at the airport under any circumstances except when caused by the Lessor's sole negligence or by the joint negligence of Lessor and any person other than the Lessee.

Lessee agrees that it will, at its own expense, keep in force insurance policies in standard form issued by a company or companies of sound and adequate financial responsibility covering any accident arising from Lessee's use and occupancy of and operations at the airport under any circumstances except when caused by Lessor's negligence or by the joint negligence of Lessor and any person other than Lessee.",

Morris Myers, Aberdeen, S. D., for plaintiff.

Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for North Central Airlines, Inc., Voas, Richardson & Groseclose, Aberdeen, for City of Aberdeen.

BECK, Chief Judge.

The City of Aberdeen, a municipal corporation, third party defendant, hereinafter referred to as Aberdeen, is in this case under its counterclaim against North Central Airlines, Inc., hereinafter called Central, seeking a judgment for attorney fees and costs predicated on its May 7, 1962 Lease [1] with Central which contains the following provision:

"Indemnity

THE LESSEE agrees to indemnify and hold the Lessor harmless from

and on a stipulation that the claims if allowed should be for $1,929.06.

Hence, the question, whether such recovery can be had in view of the facts established and found to be as follows: (1) the verdict of the jury on the trial of the alleged negligence and right to damages for sustained injuries, being against the plaintiff and in favor of Central and Aberdeen; (2) the parties having agreed to try the indemnity question to the court; (3) the plaintiff having removed herself and not participating in this phase of the case; (4) Aberdeen at all times having carried insurance with the Maryland Casualty Company, Inc.,—hereinafter Maryland—against and in defense of plaintiff's type of demand [2]; (5) Maryland immediately upon commencement of the case having assumed full command of the defense, thereafter

1. Exhibit 32.

2. The policy insofar as it touches on the insuror's commitments is as follows:
   "Coverage A. Bodily Injury Liability. To pay on behalf of the Insured all

sums which the Insured shall become legally obligated to pay as damages, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person,

committing itself for payment of attorney fees, expenses and costs; (6) counsel having accepted that arrangement and looking to Maryland, only, for such payments; (7) Aberdeen, not negligent, and (8) since commencement of this suit, factually, out from under and not in any respect obligated. Others, that the plaintiff's own acts led to her fall and injuries, as she hurriedly left the plane, came into bright sunshine and from there to the shaded entrance area, walking rapidly as she did, wearing bifocal glasses, failing to see the doormat—demonstrably not defective—carrying both of her luggage bags in her left hand and failing as she turned left to open the door on that side with her right hand.

On that basis, on the record as a whole with the jury verdict incorporated and by reference made a part of these findings, there are other compelling conclusions: plaintiff's own negligence the sole proximate cause of the accident, Central, too, not negligent, its risk assumptions, however, within the ones *"arising from the Lessee's use and occupancy of and operations at the airport under any circumstances"*, but not within the *"except when caused by the Lessor's sole negligence or by the joint negligence of Lessor and any person other than the Lessee"* and the questioned right of Aberdeen to recover the stipulated sum as the only remaining issue to be resolved (Emphasis supplied).

■■ Central, postulates, in a guarded and somewhat cautious manner, that the indemnity in light of the actual circumstances, is "against loss" as differentiated in the cases from one "against liability", and that Aberdeen, in view of its failure, except for its insurance program, to show either actual loss or payments, SDC 31.3107(2) [3], has failed on its claim. This is the general rule, one which applies when indemnity is thus circumscribed, Wicker v. Hoppock, 73 U.S. 94, 99, 6 Wall. 94, 99, 18 L.Ed. 752; 20A Words and Phrases p. 546, and Williston quoted and referred to in the Bond Diamond Company v. Wilson, Mo. App., 325 S.W.2d 63, 66 (1959) [4], not controlling, however, when as here, the indemnity protection is also against "liabilities, judgments, cost, damages and expenses which may accrue against", or "be charged to * * * the Lessor", the scope thereof as revealed in 42 C.J.S.

---

caused by accident and arising out of the ownership, maintenance or use of an airport. * * *"
"Defense, Settlement, Supplementary Payments. As respects the insurance as is afforded by the other terms of this policy the Companies shall:
(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Companies shall have the right to make such investigation, negotiation and settlement of any claim or suit as they deem expedient;
(b) * * *;
(c) pay all expenses incurred by the Companies, all costs taxed against the Insured in any such suit and all interest accruing after entry of judgment until the Companies have paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Companies' liability thereon; *° * *."

3. SDC 31.3107:
■■■

Rules for interpretation of contract of indemnity. In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:
(1) * * *;
(2) Upon an indemnity against claims or demands, or damages or costs expressly, or in equivalent terms, the *person indemnified is not entitled to recover without payment thereof;* * * *. (Emphasis supplied.)

4. Wicker, supra:
"In that class of cases the obligee cannot recover until he has been actually damnified, and he can recover only to the extent of the injury he has sustained up to the time of the institution of the suit. * * *."
Bond Diamond Company quoting Williston:
"* * * a promisor who has undertaken merely to indemnify against damage is liable only when actual payment has been made by the promisee, or damage suffered by him; and then only to the extent of such payment or damage".

Indemnity § 13, p. 584, then *"the legal liability incurred and not the actual damages sustained"*, (emphasis supplied) that formula, "the measure of damage" [5], and in the pleading and trial as indicated in Jones v. Grady, 66 N.D. 479, 266 N.W. 889 (1936), relied on as a defense:

" * * * suit may be brought the moment that the liability against which they are indemnified is established, though they have paid no money or suffered no pecuniary detriment by reason of such liability. See American Employers' Liability Insurance Company v. Fordyce, 62 Ark. 562, 36 S.W. 1051, 54 Am.St. Rep. 305; Stephens v. Pennsylvania Casualty Company, 135 Mich. 189, 97 N.W. 686, 3 Ann.Cas. 478, and cases cited; McAbee v. Cribbs, 194 Pa. 94, 44 A. 1066; Hoven v. Employers' Liability Assur. Corporation, 93 Wis. 201, 67 N.W. 46, 32 L.R.A. 388; Illinois Surety Company v. Maguire, 150 Wis. 544, 137 N.W. 782; Stuart et al. v. Carter, 79 W. Va. 92, 90 S.E. 537, L.R.A.1918D, 1070, and cases cited; Johnson v. Risk, 137 U.S. 300, 11 S.Ct. 111, 34 L.Ed. 683. See, also, Weller v. Eames, 15 Minn. 461 (Gil. 376), 2 Am.Rep. 150; note, Ann.Cas.1913D, 1152. Since this is so, the moment that the plaintiffs proved the entry of the judgment in question against them they established a breach of the contract entered into by the defendants and prima facie were entitled to recover therefor in the amount of their liability. And, if in fact such judgment or any part thereof had been discharged by any one other than the plaintiffs, this would be a matter of defense to be established by the defendants".

■ Thus focused, there is in summary, an accident, a charge of negligence, suit, the usual insurance liability coverage requiring the insurer with full control, in the name of the insured, to assume all responsibility for resulting liabilities, expenses, with attorney fees included, subrogation [6], full performance by the insurer with willingness and ability for such compliance not raised, actual cost or proportionate cost of the insurance program to the insured not proved or mentioned, Aberdeen and Central or either, found not negligent, amount of recovery settled if liability is established, plaintiff in default on this phase of the case and the insurer, Maryland, not a party.

While within that setting it is established that Aberdeen, itself, didn't meet the conditions precedent to recovery under the indemnity agreement relating to loss or satisfaction, it is sufficient from the standpoint of required compliance to substitute, as Aberdeen did, executed insurance performance, if in conjunction therewith, there is also, as here, a stipulation between the parties, approved by the insurer, on the amount of defense expense to be allowed to the indemnitee should it succeed on its contentions.

Such a conclusion is realistic, as well as impelling, since the parties to the indemnity contract, under existing and standardized business usages and customs, contemplated insurance coverage, understandingly regarded it with included ramifications as permissible, not as

5. "Indemnity against liability. Where the contract is not a mere contract to indemnify and save harmless, but a contract to save from a legal liability or claim, the legal liability incurrd and not the actual damage sustained is the measure of damage.", citing U.S.—State-Planters' Bank & Trust Co. v. First Nat. Bank, C.C.A.Va., 76 F.2d 527, 532, quoting Corpus Juris and certiorari denied 55 S.Ct. 923, 295 U.S. 764, 79 L.Ed. 1706; Mo.—Moberly v. Leonard, 99 S.W.2d 58, 63, 339 Mo. 791, quoting Corpus Juris, and N.J.—Westville Land Co. v. Handle, 171 A. 520, 112 N.J. Law 447; 31 C.J. p. 435 note 41.

6. Insurance policy: "14. Subrogation. In the event of any payment under this policy, the Companies shall be subrogated to all of the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights."

procedure to change obligations assumed or to alter real party in interest status, but as recognized and approved business expedients to assure performance of contract obligations and not to relieve. The technique in that setting is procedure to implement and not to bar or foreclose. Lesmark, Inc. v. Pryce, 118 U.S.App.D.C. 194, 334 F.2d 942 (1964) where on this point we find the comment:

"We turn now to Lesmark's contention that the Charrons are not entitled to indemnification for counsel fees because their insurance carrier furnished the counsel who appeared for them and they 'are neither obligated nor responsible for the fee.' We cannot agree. The fact that the Charrons carried liability insurance which covered the claims of Pryce and Ash did not relieve Lesmark of its obligation to indemnify the Charrons against such claims, and Lesmark does not contend otherwise. Similarly, it was not relieved of its liability for litigation expenses arising from those claims, which were also covered by insurance. And the insurer's agreement to provide direct legal representation rather than reimbursement for attorneys' fees merely reflects an understandable preference of the insurer to control the litigation".

with citations in the footnotes [7] and another observation to the same effect in Safway Rental & Sales Co. v. Albina Engine & Machine Works, 343 F.2d 129 (10 Cir. 1965):

"It is difficult to find a distinction between subrogation to the right to recover the amount of the judgment which was paid by another, and subrogation of the right to recover fees. In both instances the insured has paid nothing, thus the argument that payment by indemnitee is required is of little force. The fact that Albina had a liability on the judgment was noted above, but this is a technical one and not a real nor actual liability. It is not a practical basis to distinguish between the judgment and the fees. It would seem sufficient to say that in Oklahoma Albina could have recovered by indemnity the attorney fees and expenses had it paid them in defending the negligence suit. The insurance company is subrogated to the indemnitee's rights, and the trial court so held. It appears to be accepted in Oklahoma that the subrogated insurance company can sue in its own name to recover the amount of a judgment paid under the circumstances here present. There is no real difference between the recovery of the amount of a judgment so paid and the amount of attorney fees and expenses likewise paid by the insurer. The 'right' of indemnity in Albina against Safway covered both categories. The recovery of the judgment by the insurer under these conditions does just as much violence to

---

7. Clements v. Rockefeller, 189 Misc. 889, 76 N.Y.S.2d 493 (Sup.Ct.N.Y.County 1947), affirmed, 276 (App.Div. 895, 94 N.Y.S.2d 820 (Sup.Ct., App.Div. 1st Dept. 1950). The indemnitor is not relieved from liability either on the theory that the insurer is entitled to reimbursement out of the indemnitee's recovery, see Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 444–445, 276 S.W. 614, 621–622 (1925), or that the defendant should not benefit from a contract providently made and paid for by the plaintiff. Note, 63 Harv.L.Rev. 330, 332 (1949); Note 77 Harv.L.Rev. 741, 750–51 (1964). Cf. Hudson v. Lazarus, 95 U.S. App.D.C. 16, 18–20, 217 F.2d 344, 346–347 (1954); Rayfield v. Lawrence, 253 F.2d 209, 68 A.L.R.2d 868 (4th Cir. 1958), case Note, 14 Ala.L.Rev. 148 (1961), General Acc., Fire & Life Assurance Corp. v. Smith & Oby Co., 272 F.2d 581, 586, 77 A.L.R.2d 1134 (6th Cir. 1959); List & Clark Const. Co. v. McGlone, 296 S.W.2d 910, 912 (Mo., Kansas City Ct.App.1956), Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv.L.Rev. 1136, 1137 (1954), cf. Magoun v. Liberty Mutual Ins. Co., [346 Mass. 677] n. 2, 129, 195 N.E 2d 514.

780

traditional doctrines of indemnity as the recovery of attorney fees. Since subrogation was to all 'rights' of Albina and since there is no reason for making a distinction among them, we hold that Glens Falls' and Albina's claim for attorney fees and litigation expenses was proper and should have been allowed in such amounts as were found reasonable in paragraph 10 of the trial court's findings of fact, and upon a proper showing that the amounts therein recited have been paid. This would seem to satisfy the Oklahoma statute requiring payment."

Accordingly, with this decision to be regarded as the court's findings of fact and conclusions of law, the clerk forthwith will enter judgment in favor of the City of Aberdeen, South Dakota, third party defendant, and against North Central Airlines, Inc., a corporation, defendant and third party plaintiff, for the amount settled on in the stipulation and costs as provided for by law.